## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| JACK E. MEADOWS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:08-01129 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB), under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. By Standing Order entered September 29, 2008 (Document No. 3.), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court is Plaintiff's Motion to Remand on the Basis of New and Material Evidence and to Stay the Briefing Schedule Herein Pending Resolution of this Motion (Document No. 8.), Defendant's Response (Document No. 12.), and Plaintiff's Reply. (Document No. 13.)

In his Motion to Remand on the Basis of New and Material Evidence, Plaintiff points out that he was granted benefits in a subsequent application as of June 30, 2006, the day after the date of the ALJ's decision in the instant case. (Document No. 8, Exhibit A.) He attaches to the Motion a copy of the decision of ALJ Harry C. Taylor II, dated June 26, 2007, finding Plaintiff disabled as of June 30, 2006. Plaintiff requests that the District Court remand this case based upon this evidence.

The Plaintiff, Jack E. Meadows (hereinafter referred to as "Claimant"), filed an application for DIB on February 10, 2004, alleging disability as of March 10, 2003, due to pulled back muscles, whiplash, degenerative disc disease, and pain in his lower back, hips, and legs. (Tr. at 22, 81-83, 106.) The claims were denied initially and upon reconsideration. (Tr. at 48-50, 56-58.) On July 7, 2004, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 59.) The hearing was held on July 12, 2005, before the Honorable Valerie A. Bawolek. (Tr. at 356-93.) A supplemental hearing was held on March 7, 2006. (Tr. at 394-413.) By decision dated June 29, 2006, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 22-35.) The ALJ's decision became the final decision of the Commissioner on July 23, 2008, when the Appeals Council denied Claimant's request for review. (Tr. at 4-7.) Claimant filed the present action seeking judicial review of the administrative decision on September 29, 2008, pursuant to 42 U.S.C. § 405(g). (Document No. 1.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2006). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from

a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third

inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to

Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the

claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the

claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e),

416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall

v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain

v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether

the claimant is able to perform other forms of substantial gainful activity, considering claimant's

remaining physical and mental capacities and claimant's age, education and prior work experience.

20 C.F.R. §§ 404.1520(f), 416.920(f) (2006). The Commissioner must show two things: (1) that the

claimant, considering claimant's age, education, work experience, skills and physical shortcomings,

has the capacity to perform an alternative job, and (2) that this specific job exists in the national

economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

        In this particular case, the ALJ determined that Claimant satisfied the first inquiry because

he had not engaged in substantial gainful activity since the alleged onset date, March 10, 2003. (Tr.

at 24, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from the

severe impairment of lumbar strain. (Tr. at 24, Finding No. 3.) At the third inquiry, the ALJ

concluded that Claimant's impairments did not meet or equal the level of severity of any listing in

Appendix 1. (Tr. at 29, Finding No. 4.) The ALJ then found that Claimant had a residual functional

capacity ("RFC") to perform medium level work as follows:

> [C]laimant has the residual functional capacity to lift and/or carry 50 pounds
> occasionally and 25 pounds frequently. He can stand and/or walk about six hours and

sit about six hours during [an] eight-hour workday.

(Tr. at 29, Finding No. 5.) At step four, the ALJ found that Claimant was capable of performing his past relevant work as an electrician as generally performed in the national economy. (Tr. at 34, Finding No. 6.) On this basis, benefits were denied. (Tr. at 34, Finding No. 7.)

Claimant's Background

Claimant was born on August 1, 1952, and was 53 years old at the time of the supplemental administrative hearing, March 7, 2006. (Tr. at 81, 360.) Claimant had a high school education and received vocational training in mine maintenance. (Tr. at 360-61.) In the past, Claimant worked as an electrician. (Tr. at 98-100, 107-08.)

Motion to Remand

Claimant filed his Motion to Remand on February 2, 2009. (Document No. 8.) Attached to his Motion was a copy of ALJ Taylor's decision, finding him disabled as of June 30, 2006. (Document No. 8, Exhibit A.) It is on this additional evidence that the undersigned finds Claimant's Motion to Remand meritorious. The undersigned finds that remand is appropriate for the Commissioner to consider the evidence underlying ALJ Taylor's decision finding Claimant disabled as of June 30, 2006, the day after the unfavorable ALJ decision at issue in the instant case. Apparently, after receiving the ALJ's June 29, 2006, decision denying benefits, Claimant protectively applied on August 18, 2006, a second time for DIB benefits, alleging disability as of June 30, 2006.

In a decision dated June 25, 2007, ALJ Taylor found Claimant disabled as of June 30, 2006, the day after the date of ALJ Bawolek's decision in the instant case finding Claimant not disabled. (Document No. 8, Exhibit A.) ALJ Taylor's decision indicates that Claimant was found to be disabled as of June 30, 2006, based on evidence considered by ALJ Bawolek and evidence that

relates back to the time relevant to ALJ Bawolek's decision. The Appeals Council clearly had the

June 25, 2007, decision when it accepted ALJ Bawolek's June 29, 2007, decision.[1]

_____

[1] Because Claimant's second application for benefits was filed before the Appeals Council denied his request for review, the Social Security Administration's ("SSA") December 30, 1999, Emergency Message-99147, which the Court has cited in ruling on cases similar to this one, specifically applied in the instant case, given that the SSA limited Claimant's favorable determination on the subsequent claim to the period beginning with the day after the date of the first ALJ decision. The Emergency Message reads as follows:

> 1. Effective immediately, when a prior claim is pending at the AC [Appeals Council], we will send: subsequent disability claims to the DDS [Disability Determination Services] for development and adjudication regardless of whether they are filed under the same or a different title than the prior claims pending at the AC. * * *

> 2. *The DDS will limit any favorable determination on the subsequent claim to the period beginning with the day after the date of the ALJ's decision. If a subsequent claim results in a favorable determination, including a later onset or closed period of disability determination, the determination will be effectuated with an onset date no earlier than the day after the ALJ decision on the prior claim. After effectuation of the determination, the subsequent claim will be sent to the AC to determine if it contains new and material evidence relating to the period that was before the ALJ on the prior claim.*

> 3. If the DDS denies the subsequent claim at the initial level, the claimant may appeal the determination to the reconsideration level, and the DDS will process the claim normally.

> 4. *If the reconsideration determination is unfavorable, the claimant may appeal the determination to the hearing level. At that stage, the hearing office (HO) will defer action on the new request for hearing until the AC completes its action on the prior claim.*

> (Emphasis added.) This policy statement respecting processing subsequent claims can be found at www.ssas.com. *See Adkins v. Barnhart*, 2003 WL 21105103 *3 (S.D.W.Va.); *Barrientoz v. Massanari*, 202 F.Supp.2d 577, 587 (W.D. Tex. 2002) ("The purpose of SSA-EM-99147 is to expedite the consideration of prior claims once a subsequent award of benefits is granted and the claimant maintains the evidence on which it was based relates to the time period for his prior claim.") In accordance with this policy, ALJs are compelled to find upon concluding that a claimant's second application should be granted that the date of onset of the claimant's disability was the day after the first ALJ issued his or her decision. *See also* SSA POMS SI 04040.025, 2002 WL 1879213 (SSA-POMS), specifying the

Although not cited in this Claimant's Motion to Remand, other Claimants have pointed out

that the Court has remanded cases in the past under similar circumstances, citing as a basis the

Fourth Circuit's decision in <u>Lively v. Secretary of Health & Human Serv.</u>, 820 F.2d 1391 (4th Cir.

1987). On October 19, 1981, an Administrative Law Judge denied Mr. Lively's first application for

disability benefits because he was found to be capable of light work and he had not reached the age

of 55 and therefore did not qualify as a person of "advanced age" under the applicable Grids. Mr.

Lively turned 55 years old on November 3, 1981, several weeks after the ALJ's decision. He

appealed the ALJ's decision denying his application unsuccessfully through the District Court level.

On December 14, 1983, about two years and two months after the ALJ issued the decision denying

Mr. Lively's first application for disability benefits, Mr. Lively made a second application. Once

again, an ALJ found Mr. Lively not disabled. The ALJ did not discuss the first decision that Mr.

Lively could do light work but found that he "retained the functional capacity for the performance

of work activity at any exertional level on and prior to December 31, 1981." <u>Lively</u>, 820 F.2d at

---

procedure when a subsequent claim for SSI is filed. If there is a favorable decision
on a subsequent application, the decision is to be faxed immediately to the AC. It is
noted that "[t]he AC will consider the evidence on the subsequent application to
determine whether there is new and material evidence relating to the prior claim."
It is further noted that "the AC may also conclude that the favorable determination
on the subsequent application was incorrect. In such cases, the AC may exercise the
Agency's authority under existing regulations to reopen the subsequent allowance.
The AC may vacate the ALJ decision on the prior claim, consolidate the prior  and
subsequent claims, and remand both to the ALJ for further proceedings, including
a new decision."

        In the instant case, it is apparent that the Appeals Council considered ALJ
Taylor's decision as it was reported in the letter of contentions from Claimant's
representative, dated July 10, 2007, that also contained a copy of the SSA's Notice
of Award. (Tr. at 7, 345-55.) However, there is no indication that the Appeals
Council considered or incorporated the evidence underlying ALJ Taylor's decision.

1392.[2] Mr. Lively appealed this decision without success through the District Court level, but the

Fourth Circuit Court of Appeals reversed and remanded for entry of judgment in favor of Mr. Lively.

The Court stated as follows:

> Congress has clearly provided by statute that res judicata prevents reappraisal of both
> the Secretary's findings and his decision in Social Security cases that have become
> final, 42 U.S.C. § 405(h), and the Courts have readily applied res judicata to prevent
> the Secretary from reaching an inconsistent result in a second proceeding based on
> evidence that has already been weighted in a claimant's favor in an earlier
> proceeding. Gavin v. Heckler, 811 F.2d 1195, 1200 (8th Cir. 1987). In the present
> case, it is true that the prior administrative proceeding did not result in a decision
> favorable to the appellant. Thus, Gavin is not strictly controlling. The statute upon
> which Gavin rests, though, 42 U.S.C. § 405(h), gives finality to findings, as well as
> decisions, made in previous proceedings between the parties.

Id. (Emphasis in decision.) The Court concluded as follows:

> The first ALJ found in 1981, that plaintiff was limited to light work, and the
> Secretary successfully defended that finding on judicial review. Some two weeks
> after appellant was found limited to light work, he became 55 years of age. It is
> utterly inconceivable that his condition had so improved in two weeks as to enable
> him to perform medium work. Principles of finality and fundamental fairness, drawn
> from 405(h) as discussed above, indicate that the Secretary must shoulder the burden
> of demonstrating that the claimant's condition improved sufficiently to indicate that
> the claimant was capable of performing medium work. *Cf.* Dotson v. Schweiker, 719
> F.2d 80 (4th Cir. 1983). Certainly, there was no evidence of any such miraculous
> improvement, and, as Gavin makes clear, 811 F.2d at 1200, such evidence, not
> considered in the earlier proceeding, would be needed to sustain a finding contrary
> to the final earlier finding.

Id. The Court concluded that "[b]ecause the appellant was limited to light work when he attained

55 years of age, he was entitled to benefits on his second application therefor." Id.

In Albright v. Commissioner of Soc. Sec. Admin., 174 F.3d 473 (4th Cir. 1999)(King,

Circuit Judge), the Fourth Circuit distinguished Lively. Mr. Albright filed applications for DIB and

---

[2] The ALJ apparently concluded, without regard for the ALJ's prior finding that Mr. Lively
was capable of light work, that he was capable of medium work and hence not disabled. *See* 20
C.F.R. Part 404, Subpart P, App. 2, Table No. 2 and Table No. 3.

SSI on April 17, 1991, claiming onset of disability on March 31, 1990. Id. at 474. By Decision dated

May 28, 1992, an ALJ concluded that Mr. Albright was not entitled to benefits because he was able

"to perform a full range of work at all exertional levels without any identifiable functional

limitations of any sort[.]" Id., at 474 n. 1. Mr. Albright did not appeal. Rather, he filed again for

DIB and SSI in November and December, 1992.[3] On October 26, 1994, an ALJ again denied Mr.

Albright's applications without evaluating his physical condition on the basis of Social Security

Acquiescence Ruling 94-2(4) modeled after the Fourth Circuit's decision in Lively.[4] The Ruling

[3] In his second applications, Mr. Albright sought benefits, as he had in his first applications, for the period from March 31, 1990, through May 28, 1992, the date of the ALJ's Decision denying his first applications. In considering Mr. Albright's second applications, the ALJ dismissed his claims for this period, and the Fourth Circuit regarded the dismissal entirely proper. *Albright*, 174 F.3d at 476 n. 4. The decision upon his first applications had become final.

[4] After the Fourth Circuit's decision in *Albright*, the Social Security Administration issued Acquiescence Ruling 00-1(4). In view of *Albright*, the Social Security Administration resolved as follows:

When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances. In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

Where the prior finding was about a fact which is subject to change with the passage of time, such as a claimant's residual functional capacity, or that a claimant does or does not have an impairment(s) which is severe, the likelihood that such fact has changed generally increases as the interval of time between the previously adjudicated period and the period being adjudicated increases. An adjudicator should give greater weight to such a prior finding when the previously adjudicated period

8

required that an ALJ adopt the findings of an ALJ in consideration of a prior application which was

finally adjudicated "in determining whether the claimant is disabled with respect to the

unadjudicated period unless there is new and material evidence relating to such a finding." Id., at

474 -75. In consideration of Mr. Albright's further applications, the ALJ concluded that the Ruling

required the denial of benefits because there was no new and material evidence regarding the

severity of the alleged impairment. Id., at 475. Mr. Albright appealed, and the District Court granted

his Motion for Summary Judgment and remanded his claim for *de novo* consideration finding that

Social Security Acquiescence Ruling 94-2(4) interpreted Lively too broadly. Id. The Fourth Circuit

affirmed stating as follows:

> Rather than signaling a sea change in the law of preclusion, the result in Lively is
> instead best understood as a practical illustration of the substantial evidence rule. In
> other words, we determined that the finding of a qualified and disinterested tribunal
> that Lively was capable of performing only light work as of a certain date was such
> an important and probative fact as to render the subsequent finding to the contrary
> unsupported by substantial evidence. To have held otherwise would have thwarted
> the legitimate expectations of claimants – and, indeed, society at large – that final
> agency adjudications should carry considerable weight. Even more importantly,
> judicial ratification of the SSA's "bait-and -switch" approach to resolving Lively's
> claim would have produced a result reasonably perceived as unjust and
> fundamentally unfair.

Id., at 477-78 (Footnotes omitted.). See also, Drummond v. Commissioner of Soc. Sec., 126 F. 3d

837, 841-42 (6th Cir. 1997) (discussing and relying upon Lively to conclude that "[j]ust as a social

security claimant is barred from relitigating an issue that has been previously determined, so is the

---

is close in time to the period being adjudicated in the subsequent claim, e.g., a few
weeks as in Lively. An adjudicator generally should give less weight to such a prior
finding as the proximity of the period previously adjudicated to the period being
adjudicated in the subsequent claim becomes more remote, e.g., where the relevant
time period exceeds three years as in Albright. In determining the weight to be given
such a prior finding, an adjudicator must consider all relevant facts and
circumstances on a case-by-case basis.

Commissioner.").

## ANALYSIS

Pursuant to 28 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"[5] The Fourth Circuit has stated that "[e]vidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health & Human Serv., 953 F.2d 93, 96 (4th Cir. 1991)(*en banc*). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). This does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987); Cox v. Heckler, 770 F.2d 411, 413 (4th Cir. 1985); Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir. 1971).

The undersigned finds that ALJ Taylor's decision finding disability commencing on the day

---

[5] Sentence six of 42 U.S.C. § 405(g) provides:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

after ALJ Bawolek pronounced that Claimant was not disabled is new and material evidence. The Administration reached its decision in the adjudication of Claimant's second application. The finding that Claimant was disabled the day after Judge Bawolek issued her decision begs the question whether Claimant was actually disabled during the period of time relevant to ALJ Bawolek's consideration of Claimant's first application. Claimant asserts that between the two decisions, Claimant did not experience any change in age, education, or prior work experience that would naturally lead to a finding of disability under the grids. (Document No. 13 at 2.) It is often true in cases of this nature, where benefits are awarded on a second application, that at least some of the evidence may be the same evidence considered by the ALJ. See Bradley v. Barnhart, 463 F.Supp.2d 577 (S.D. W.Va. 2006)(Copenhaver, D.J.); Reichard v. Barnhart, 285 F.Supp.2d 728 (S.D. W. Va. 2003) (VanDervort, M.J.). This Court has remanded several cases with somewhat similar factual scenarios. See, e.g. Reichard, 285 F.Supp.2d 728. The evidence may likely be a continuation of Claimant's medical evidence with regard to the same medical conditions. Citing Bruton v. Massanari, 268 F.3d 824, 827 (9tha Cir. 2001),[6] the Commissioner argues that ALJ Taylor's decision is not grounds for remand because it involved different time periods and different medical opinions were considered. (Document No. 12 at 3.)

In the instant case, ALJ Taylor in the second decision finding disability relied upon four sets

---

[6] In *Bruton*, the claimant was found not disabled on his first application for benefits. *Bruton*, 268 F.3d at 826. The claimant appealed to the District Court, and while his appeal was pending, filed a second application for benefits, which was granted by an ALJ. *See id.* Claimant moved the District Court to remand his pending case, arguing that the second decision was new and material evidence relevant to the first application. *See id.* at 827. The motion to remand was denied and the claimant appealed to the United States Court of Appeals for the Ninth Circuit. *See id.* The Ninth Circuit also disagreed with the claimant, finding that the second application "involved different medical evidence, a different time period, and a different age classification." *Id.* The Court found that the second ALJ decision was therefore not consistent with the first decision denying the application. *See id.*

of records. First, ALJ Taylor acknowledged Claimant's chiropractic treatment in June and December, 2006. (Document No. 8, Exhibit A at 7.) Specifically, the ALJ noted Claimant's complaints in June of cervical and thoracic pain radiating into his right arm, numbness in the fingers on his right hand, and knee pain. (Id.) The ALJ noted that in December, Claimant complained of left shoulder pain that radiated up into his neck with cervical rotation, and neck pain that radiated down his left arm to the clavicle region and elbow. (Id.) Second, ALJ Taylor relied on Claimant's physical therapy records from March 20, 2003, through June 6, 2003. (Id.) He noted Claimant's complaints of low and mid back pain and physical findings of tenderness to the lower thoracic and lumbar paraspinals and to the spinous processes. (Id.) ALJ Taylor noted that Claimant had increased pain of the thoracic area, and as of June 6, 2003, experienced a lot of continued low back pain. (Id.)

Third, ALJ Taylor relied on the November 10, 2006, consultative medical examination by Dr. Mustafa Rahim, M.D. (Document No. 8, Exhibit A at 7.) ALJ Taylor noted Claimant's complaints of back pain that radiated down both lower extremities and that progressively had worsened over the previous six months to one year, resulting in difficulty walking. (Id.) Dr. Rahim's physical exam revealed that Claimant favored his right lower extremity when walking, that he could not tandem walk, and that he requested to stop raising his right shoulder at only 20 degrees, complaining of pain and a pulling sensation in the shoulder. (Id.) Claimant exhibited cervical tenderness over the trapezius muscle, with the right side greater than the left. (Id.) Range of cervical motion was limited with pain and a pulling sensation. (Id.) Dr. Rahim assessed *inter alia*, lumbar radiculopathy with progressive symptoms, cervical radiculopathy, abnormal right shoulder examination, and swelling of the ankles. (Id. at 7-8.)

Finally, ALJ Taylor relied on Claimant's form Function Report - Adult, dated February 7,

2007, on which he reported that he experienced continuous pain in his legs, back, and arms. (Document No. 8, Exhibit A at 8.) Claimant reported that he was unable to lift anything greater than five to ten pounds, that he used a cane and back brace that were prescribed in 2003, and that his condition affected his ability to squat, lift, bend, stand, reach, walk, sit, kneel, and climb stairs. (Id.) ALJ Taylor noted that he gave little weight to the state agency consultant opinions, but did not identify the consultants who rendered the opinions or when the opinions were rendered, because other medical opinions were more consistent with the record as a whole and evidence received at the hearing level showed that the claimant was more limited than determined by the State agency consultants. (Id.) Furthermore, ALJ Taylor found that the state agency consultants did not consider adequately the combined effect of Claimant's impairments. (Id.) Based on the foregoing cited evidence, ALJ Taylor found Claimant disabled as of June 30, 2006, by direct application of Medical-Vocational Rule 201.14.  (Id. at 8-9.)

It appears that at least a portion of Claimant's chiropractic treatment in June 2006, and his physical therapy from March 20, 2003, through June 6, 2003, relate to the period of time relevant to ALJ Bawolek's decision. Dr. Rahim's consultative examination was conducted only slightly more than four months after the ALJ's decision and reflects a progressive worsening of Claimant's conditions over a six month to one year period of time. Thus, the undersigned finds that this consultative examination may too relate to the period of time relevant to ALJ Bawolek's decision. Furthermore, the undersigned finds that the evidence cited by ALJ Taylor respecting Claimant's Function Report - Adult, is similar to the limitations reported in his form Activities of Daily Living dated February 21 and June 7, 2004, which were considered by ALJ Bawolek. (Tr. at 120-26, 132-38.) In these reports, Claimant indicated that he could not do any heavy lifting or a lot of bending

or squatting. (Tr. at 122.) He reported that standing and walking in stores resulted in back and leg pain (Tr. at 134.), and that he had difficulty walking or sitting on firm surfaces. (Tr. at 122, 124, 135.) ALJ Taylor did not identify by name or date the state agency consultant opinions to which he gave little weight, and therefore, the undersigned is unable to determine whether it appears that these opinions relate to the period of time relevant to ALJ Bawolek's decision. Without reviewing the evidence relied upon by ALJ Taylor, the undersigned finds contrary to the Commissioner's argument that the new evidence may relate to the prior time period because of its continuity and its possible bearing upon whether Claimant was disabled on or before June 30, 2006.

Accordingly, based on the foregoing, the undersigned finds that there is a reasonable possibility that all the evidence considered by the Administration in reaching the decision on the second application might well have changed the outcome in this case as it was before ALJ Bawolek. It is not in any way clearly evident from the current record in this case how Claimant became disabled the day after ALJ Bawolek's decision. Accordingly, this case must be remanded in order that ALJ Taylor's decision on the second application and the documents upon which he relied can be examined to determine whether the subsequent award of benefits was based on Claimant's condition during the same relevant time period, whether the subsequent award was based on the same evidence that was before the ALJ, and whether modification of ALJ Bawolek's decision is in order in this case.[7]

---

[7] In consideration of the authorities addressed by the Court and cited by parties in other such cases for and against remand, the undersigned finds that this case is clearly factually and procedurally quite different from *Lively* and *Albright*. In this case, the ALJ's decision was favorable upon Claimant's second DIB application, not the first as in *Lively*. The SSA decision upon the Claimant's second application is final in this case whereas in *Lively* the later decision was not. Moreover, in this case, the Appeals Council's decision was entered after the SSA decision upon Claimant's second application whereas in *Lively* and *Albright*, it was not. This case is therefore the photographic negative of *Lively*. Thus, the undersigned finds that *Lively* and *Albright* are plainly distinguishable.

Accordingly, for the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **GRANT** Claimant's Motion to Remand (Document No. 8.), **VACATE** the decision of the Commissioner denying benefits, **REMAND** this matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of ALJ Taylor's decision and evidence upon which he relied to determine whether the onset of Claimant's disability as found in subsequent proceedings to have occurred the day after the date of the ALJ's decision under review in this case actually occurred within the time frame of this case, i.e., between March 10, 2003, and June 29, 2006, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d

91, 94 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such

objections shall be served on opposing parties, Judge Berger, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy

of the same to counsel of record.

Date: February 26, 2010.

R. Clarke VanDervort
United States Magistrate Judge