IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JACK E. MEADOWS,

        Plaintiff,

v.                                            CIVIL ACTION NO.  5:08-cv-01129

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This is an action seeking review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's application for Disability Insurance Benefits ("DIB"), under Title II of the Social Security Act, 42 U.S.C. §§ 401- 433.  By Standing Order entered on September 29, 2008 (Document No. 3), this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the undersigned is Plaintiff's Motion to Remand on the Basis of New and Material Evidence and to Stay the Briefing Schedule Herein Pending Resolution of this Motion ("Plaintiff's Motion") (Document No. 8), Defendant's Response to Plaintiff's Motion to Remand ("Defendant's Oppn.") (Document No. 12) and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand ("Plaintiff's Reply") (Document No. 13).

On February 26, 2010,  Magistrate Judge VanDervort submitted proposed findings and recommended that the court (1) grant Plaintiff's motion to remand; (2) vacate the decision of the

Meadows v. Astrue

Commissioner denying benefits; (3) remand this matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of ALJ Taylor's decision and evidence upon which he relied to determine whether the onset of Plaintiff's disability, found in subsequent proceedings to have occurred the day after the date of the ALJ's decision under review in this case, actually occurred within the time frame of this case, *i.e.,* between March 10, 2003, and June 29, 2006, and (4) dismiss this matter from the Court's docket. Proposed Findings and Recommendation ("PF&R") (Document No. 15) at 15. On March 11, 2010, the Defendant filed timely objections to the Magistrate Judge's findings and recommendation. *See* Defendant's Objections to the Magistrate Judge's Report and Recommendation ("Defendant's Objections") (Document No. 16). On March 22, 2010, Plaintiff submitted his response to those objections. *See* Plaintiff's Response to Defendant's Objections to the Magistrate Judge's Report and Recommendation ("Plaintiff's Response") (Document No. 17).

The Federal Magistrates Act requires the district court to make a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Conversely, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that districts courts may adopt proposed findings and recommendations without explanation in the absence of objections). A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

Meadows v. Astrue

magistrate judge." 28 U.S.C. § 636(b)(1). A district court's authority to choose among these options is independent of the statutory duty to afford review to those portions to which objections are addressed. *See Camby*, 718 F.2d at 199–200 ("If no objection were made, for example, it could hardly be argued that the judge *must* accept the [magistrate judge's] report if it contained an error of law apparent on its face.") (emphasis supplied). As such, it is wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Coinciding with district courts' discretion under the Federal Magistrates Act is the responsibility to ensure the just disposition of matters referred to magistrate judges. *See Mathews v. Weber*, 423 U.S. 261, 271 (1976); *see also Raddatz*, 447 U.S. at 683

Upon consideration of Plaintiff's motion, the opposition thereto, Plaintiff's reply and the entire record herein, the undersigned declines to adopt the magistrate judge's recommendation. Rather, for the reasons stated below, the undersigned does hereby DENY Plaintiff's motion for remand without prejudice.

**I. BACKGROUND**[1]

The Plaintiff, Jack E. Meadows, filed his first application for DIB on February 10, 2004, alleging disability as of March 10, 2003, due to pulled back muscles, whiplash, degenerative disc

---

[1] The statements contained herein are not in dispute. Thus, the undersigned will largely restate the applicable procedural history as detailed in the magistrate judge's proposed findings and recommendation. *See* PF&R at 2.

Meadows v. Astrue

disease, and pain in his lower back, hips, and legs. (Tr. at 22, 81-83, 106.)[2] The claims were denied initially and upon reconsideration. (Tr. at 48-50, 56-58.) On July 7, 2004, Mr. Meadows requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 59.) The hearing was held on July 12, 2005, before the Honorable Valerie A. Bawolek. (Tr. at 356-93.) A supplemental hearing was held on March 7, 2006. (Tr. at 394-413.) By decision dated June 29, 2006, ALJ Bawolek determined that Mr. Meadows was not entitled to benefits. (Tr. at 22-35.) ALJ Bawolek determined that although Plaintiff suffered from severe impairment of lumber strain (Tr. at 24, Finding No. 3), he had a residual functional capacity ("RFC") to perform medium level work (Tr. at 29, Finding No. 5), and he was capable of performing his past relevant work as an electrician as generally performed in the national economy. (Tr. at 34, Finding No. 6.) On this basis, disability insurance benefits were denied. (Tr. at 34, Finding No. 7) On August 23, 2006, Mr. Meadows sought review of ALJ Bawolek's decision (Tr. at 16-18.) ALJ Bawolek's decision became the final decision of the Commissioner on July 23, 2008, when the Appeals Council denied Mr. Meadows's request for review. (Tr. at 4-7.) On September 29, 2008, Mr. Meadows, pursuant to 42 U.S.C. § 405(g), filed the instant action seeking judicial review of the administrative decision. (Document No. 1.)

Of particular importance to the pending motion, on August 18, 2006, after receiving ALJ Bawolek's June 29, 2006 decision denying benefits, Mr. Meadows applied a second time for a period of disability and disability insurance benefits, alleging disability beginning on June 30, 2006. *See* Plaintiff's Motion, Exhibit A. The second application was denied. *Id*. Mr. Meadows requested a

---

[2] (Tr. at ___)" refers to the transcript of the administrative record which was filed by the Defendant on January 6, 2009 (Document No. 7), pursuant to 42 U.S.C. § 405(g).

Meadows v. Astrue

hearing before an ALJ. *Id*. The subsequent application was considered by the Honorable Harry C. Taylor, II. ALJ Taylor, without a hearing, determined that Mr. Meadows was entitled to benefits. In his decision dated June 25, 2007, ALJ Taylor found Mr. Meadows disabled as of June 30, 2006. *Id*.

**II. DISCUSSION**

On February 2, 2009, after Defendant filed his answer, Plaintiff filed the instant motion to remand, pursuant to 42 U.S.C. § 405(g). Attached to the instant motion was ALJ Taylor's June 25, 2007 decision. Plaintiff requests that the court remand the case to the Commissioner upon consideration of ALJ Taylor's determination of disability which began on June 30, 2006. In cases reviewing the final decision of the Commissioner of Social Security, the methods by which district courts may remand a case are set forth in sentence four and six of 42 U.S.C. § 405(g). In pertinent part, 42 U.S.C. § 405(g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g).[3] "Sentence-six remands may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S.

---

[3] Section 405(g) also contemplates another kind of remand in which the court enters "a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without rehearing." *Id*. However, this kind of remand is not sought in the instant motion.

Meadows v. Astrue

292, 297 n.2 (1993) (citations omitted). Upon consideration of a sentence six remand, a "district court does not affirm, modify or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Evidence is new within the meaning of this section if it is not duplicative or cumulative." *Wilkins v. Secretary, Department of Health and Human Services*, 953 F.2d 93, 96 (4th Cir. 1991) (citations omitted). "Evidence is material if there is a reasonable probability that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Plaintiff, as the movant, has the burden of demonstrating that a remand is appropriate given any new and material evidence.

Upon a *de novo* review of Plaintiff's motion to remand, the undersigned finds that Plaintiff has failed to sustain his burden of demonstrating that a remand is warranted. As an initial matter, the undersigned observes that Plaintiff in a three-page motion asserted in a rather conclusory fashion that "[t]he subsequent favorable decision by ALJ Taylor is both new and material as the subsequent favorable decision was based primarily on the evidence considered in the prior decision and there is a reasonable probability that [ALJ Taylor's] reasoning in the second favorable decision along with any additional evidence would change the outcome of the first decision."[4] (Plaintiff's Motion at 2). In an equally cursory manner, Plaintiff contends that there is "good cause for not submitting the evidence to the Commissioner when his claim was still pending before the Social Security

---

[4] The undersigned observes that Plaintiff did not file a memorandum in support of his motion.

6

Meadows v. Astrue

Administration as it did not exist at that time." *Id*. The undersigned finds that Plaintiff has failed to demonstrate why this case should be remanded to allow the Commissioner to review ALJ Taylor's June 26, 2007 decision, given that in the Appeals Council's letter informing Plaintiff of its decision not to review ALJ Bawolek's June 29, 2006 decision, the Council included the following statement:

> In looking at your case, we considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision. The Appeals Council also considered the fact that since the date of the Administrative Law Judge's decision, you were determined to be under a disability as of June 30, 2006 based on the application you filed on August 18, 2006; however, the Council found that this information does not warrant a change in the Administrative Law Judge's decision.

Tr. at 4-5. Plaintiff has not demonstrated why this case should be remanded for the Commissioner to do that which he has already done–considered the subsequent favorable disability determination by ALJ Taylor.[5] Moreover, Plaintiff has not shown how a further review of ALJ Taylor's decision would lead to a "reasonable probability" that would alter the outcome of ALJ Bawolek's decision.

Additionally, other than the ALJ Taylor's June 25, 2007 decision itself Plaintiff, in his motion, failed to identify what he considers as the "new evidence which is material" that supports ALJ Taylor's decision or shown good cause why this evidence was not properly disclosed in the prior proceeding. In response to the Defendant's comparison of the evidence supporting ALJ Bawolek and ALJ Taylor's decisions (*see* Defendant's Oppn. at 3-5), Plaintiff asserts that ALJ

---

[5] The undersigned notes that Plaintiff cites as authority *Bradley v. Barnhart*, 463 F.Supp. 2d 577 (S.D. W. Va. 2006) and *Reichard v. Barnhart*, 285 F.Supp. 2d 728 (S.D. W.Va. 2003) as support for his assertion that a remand is warranted. However, Plaintiff has not shown how these cases are applicable to the circumstances of his case given the Appeals Council's statement noted herein.

Meadows v. Astrue

Taylor relied upon (1) "records from March 20, 2003 through June 6, 2003 from Athletic and Physical Therapy Services"; (2) "treatment records from June 2, 2006 through December 15, 2006 from Chipley Chiropractic"; and (3) "a consultative medical examination dated November 10, 2006." (Plaintiff's Reply at 1-2.) Although, Plaintiff asserts that this evidence "clearly overlaps the period covered by ALJ Bawolek's decision[,]" Plaintiff has not proffered any evidence to allow the undersigned to make any determination with respect to the cumulative nature or materiality of this evidence. For instance, a review of the record before the court reveals that ALJ Bawolek considered that Plaintiff received Physical Therapy for a period on or after March 20, 2003. (Tr. at 25.) Plaintiff has not offered any evidence why the Physical Therapy records from these services he received from March 20, 2003 through June 6, 2003 can be considered "new" and "material" as applied by Section 405(g). Moreover, Plaintiff has not shown why these records were not provided to ALJ Blawolek. Thus, for these reasons, the undersigned finds that Plaintiff has not sufficiently shown that a remand is appropriate on these facts.

### III. CONCLUSION

For the reasons stated above, the undersigned declines to adopt the magistrate judge's recommendation and **FINDS** that Plaintiff has failed to carry his burden to sustain a remand pursuant to sentence six of 42 U.S.C. § 405(g). Accordingly, the undersigned does hereby **ORDER** that Plaintiff's Motion to Remand on the Basis of New and Material Evidence and to Stay the Briefing Schedule Herein Pending Resolution of this Motion (Document No. 8) be **DENIED WITHOUT PREJUDICE**. It is **FURTHER ORDERED** that the parties, by April 30, 2010, shall file any

Meadows v. Astrue

motion in support of the Complaint or the Commissioner's decision; that by May 31, 2010, the parties shall submit any opposition or response thereto, and by no later than June 10, 2010, the parties shall submit reply briefs in support of their motion.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    March 31, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA